IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION PLAN, *et al.* Plaintiffs, | : : : : : : | CIVIL ACTION |
| v. | : : | |
| UNIVERSAL ELEVATOR CORP. d/b/a UNIVERSITY ELEVATOR COMPANY, *et al.*, Defendants. | : : : : | No. 11-3381 |

<u>MEMORANDUM</u>

**Schiller, J.**                                                                                                              November 3, 2011

Plaintiffs bring this case under the Employee Retirement Income Security Act ("ERISA"). They claim that Defendants have failed to timely remit contributions to various employee benefit funds as required by a collective bargaining agreement signed by the parties. Defendants have not responded to the Complaint, and the Clerk of Court entered a default. Now before the Court is Plaintiffs' motion for a default judgment. For the reasons below, the Court grants the motion.

**I.     BACKGROUND**

Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds (the "NEI Trust Funds"). The NEI Trust Funds are multi-employer employee benefit plans under ERISA. (Compl. ¶ 1.)

Defendant Universal Elevator Corporation ("Universal") is a contractor and subcontractor in the elevator industry. (*Id*. ¶ 2.) Universal entered into a collective bargaining agreement ("CBA")

with the International Union of Elevator Constructors on July 15, 2002 and continues to be bound by the terms of the CBA to this day. (*Id*. ¶¶ 5-6.)

Pursuant to the CBA, Universal agreed to pay to the NEI Funds certain sums of money for each hour worked by employees of Defendants who were covered by the CBA. (*Id*. ¶ 7.) During an audit, it was discovered that Universal owed $10,886.66 for incorrectly reported contributions and interest. (*Id*. ¶ 11.) Additional interest of $4,562.96 and auditing fees of $2,345.00 have accrued on the account. (*Id*.) According to calculations performed in accordance with certain trust agreements to which Universal is bound, Universal also has a projected delinquency for November 2009 through February 2011 of $94,539.52. (*Id*. ¶ 12.) Furthermore, an employer who fails to pay the amounts due under the CBA "shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of the delinquency to the date of payment and liquidated damages of 20%, as well as necessary costs of collection incurred by the Funds, including, but not limited to, reasonable attorneys' fees, audit fees and court costs." (*Id*. ¶ 13.) Plaintiffs claim that the liquidated damages total $20,883.16. (*Id*. ¶ 14.)

Defendant Greg Regalado owns and is an officer of Universal. (*Id*. ¶ 4.) Pursuant to ERISA, Plaintiffs claims that Regalado is a fiduciary of the NEI Trust Funds. (*Id*.) According to Plaintiffs, Regaldo retained and used a portion of the employer's payment that should have gone to Defendants' funds on behalf of his employees. (*Id*. ¶¶ 21-22, 29.)

Plaintiffs seek a judgment against Defendants for: (1) $10,886.66 in contributions and interest; (2) $2,345.00 in audit fees; (3) $94,539.52 in estimated contributions; (4) $20,883.16 in liquidated damages; (5) reasonable attorneys' fees and costs; (6) interest due on the unpaid audit contributions; (7) all contributions and liquidated damages that become due or owing subsequent to

the filing of this lawsuit through the date of judgment; and (8) such further relief as the Court may deem appropriate.

Universal was served on June 8, 2011, and Regalado was served on June 25, 2011. A default was entered on September 15, 2011. The motion for entry of default judgment was filed on September 26, 2011. To date, neither Defendant has responded to any of the filings in this matter.

## II. STANDARD OF REVIEW

A district court faced with a motion for default judgment should consider: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). The Court accepts as true any factual allegations, other than those as to damages, contained in the complaint. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)

## III. DISCUSSION

### A. ERISA Liability

#### 1. *Universal's liability*

Courts in this District have considered the liability of a company and an individual alleged to be a fiduciary pursuant to ERISA under circumstances similar to those presented here, including in the context of a motion for a default judgment. *See, e.g.*, *Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds v. Century Elevator, Inc.*, Civ. A. No. 11-3792, 2011 WL 4807914 (E.D. Pa. Oct. 11, 2011). ERISA demands that an employer who makes contributions under a CBA do so in accordance with the agreement. 29 U.S.C. § 1145. ERISA also

permits a plan to collect from delinquent employers the unpaid contributions with interest; liquidated damages provided for under the plan in an amount not in excess of 20% of the unpaid contributions; reasonable attorneys' fees and costs; and such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

The facts alleged in the Complaint, including the result of an audit conducted by the Trustees' auditor, demonstrate that Universal failed to make contributions it was obligated to make, and as a result of this failure, it is obligated to pay the unpaid contributions and interest, liquidated damages, reasonable attorneys' fees and costs.

### 2. *Regalado's liability*

To determine whether ERISA imposes fiduciary liability against an individual, such as Regalado, unpaid contributions must be "plan assets" and the individual must either exercise discretion in the management of the plan or exercise any authority or control over the plan assets. *See Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds v. Gateway Elevator, Inc.*, Civ. A. No. 09-4206, 2011 WL 2462027, at *5 n.6 (E.D. Pa. June 21, 2011).

Based upon the Complaint and Plaintiffs' submissions in this case, Regalado is liable as a fiduciary under ERISA. First, the contributions due to the NEI Trust Funds are plan assets under ERISA. Universal agreed to be bound by the CBA, and signed a successor agreement evincing its intention to remain bound. (Mem. in Support of Mot. for Entry of J. at 6-7.) The CBA makes clear that the delinquent contributions are plan assets. *See Century Elevator*, 2011 WL 4807914, at *4 (noting language similar to that of CBA in this case supported finding that unpaid employee contributions were plan assets).

The filings before this Court also support a finding that Regalado exercised authority or control over the disposition of plan assets. Plaintiffs point out that Regalado "calculated the amounts owed in contributions based on the hours his employees worked and forwarded monthly remittance forms calculating the employer's and employee's portion of the monies due to the Plaintiffs' Funds, yet failed to remit those amounts to the Plaintiffs' Funds." (Mem. in Support of Mot. for Entry of J. at 7-8.) Plaintiffs allege that Regalado incorrectly reported hours to the NEI Trust Funds and commingled plan assets with general assets to pay creditors. (*Id*. at 8.) Regalado exercised control over his company's assets yet consistently failed to report and pay contributions as required. (*Id*. at 8-9.) Regalado's behavior renders him, an officer and owner of Universal, liable as a fiduciary under ERISA. *See Century Elevator*, 2011 WL 4807914, at *4-5. And because Plaintiffs have alleged that Regalado has failed to timely report and remit contributions, he has breached his fiduciary duties. *See id*.; *see also Gateway Elevator*, 2011 WL 2462027, at *7.

### B.   Default Judgment

Clearly, Plaintiffs will suffer prejudice if this Court denies their motion for default judgment; Plaintiffs are not receiving payments owed them. *See Trs. & Fiduciaries of the Iron Workers Dist. Council (Phila. & Vicinity) Benefit & Pension Plans v. McGinny Ironworks, Inc.*, Civ. A. No. 11-1463, 2011 WL 5025310, at *2 (E.D. Pa. Oct. 20, 2011). The Court will also interpret Defendants' silence as proof that they have no litigable defense. *See id*. Finally, while Defendants have failed to engage in this litigation, the docket indicates that they were properly served. Therefore, the onus is on Defendants to respond, and the Court will lay their failure to do so at their elevator door.

The Court has also reviewed Plaintiffs' request for reasonable attorneys' fees and costs. Plaintiffs have documented their hourly rates and hours worked and the Court concludes that their

request for attorneys' fees is reasonable and their requests for costs for the filing fee and service of process is reasonable and recoverable.

### IV.     CONCLUSION

Plaintiffs are entitled to a default judgment. An Order consistent with this Memorandum will be docketed separately.